a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CASEY NIXON-CLARK ET AL, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05297 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| USA ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Daniel R. Nixon ("Nixon"), purportedly on behalf of himself, his sister Casey Nixon-Clark ("Nixon-Clark"), and Bruce Young, Jr., the son of decedent, Bruce Ray Young, Sr. ("Young").

Because the Court lacks jurisdiction, the Complaint (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Nixon alleges that Young, his "foster brother," died following an assault at the United States Penitentiary in Pollock, Louisiana ("USP-P"). ECF No. 6 at 5-6. Nixon asserts that his sister is the "decedent's representative," and she gave Nixon permission to act as her agent to file suit for damages related to Young's death. ECF No. 6.

Nixon filed a tort claim for damages with the Bureau of Prisons ("BOP"). ECF No. 6 at 4. However, Nixon submitted the tort claim to the BOP office in Terre Haute, Indiana. *Id.* He was notified that the claim must be submitted to the South Central

1

Regional Office in Grand Prairie, Texas. *Id.* at 3. Nixon does not indicate whether he resubmitted the tort claim to the appropriate office.

Nixon seeks damages for himself and others pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, and *Bivens v. v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971).

## II. Law and Analysis

"Federal courts have jurisdiction only over 'cases' or 'controversies.'" *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). If a party lacks standing to sue, "[t]here is no case or controversy." *Id*. Therefore, standing is the threshold question in every federal case and implicates the court's subject matter jurisdiction.

To establish standing, a plaintiff must demonstrate: (1) that he suffered an "injury in fact" – "an invasion of a legally protected interest" – that is concrete, particularized, and actual or imminent; (2) that the injury was caused by the defendants; and (3) that the injury would likely be redressed by the requested judicial relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992); *see also Thole v. U.S. Bank N.A.*, 590 U.S. 538 (2020). Nixon does not allege that he suffered the invasion of a legally protected interest.

Nixon may not raise the legal rights of Young's son or estate. *See Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (standing "embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights") (citations omitted).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Thus, "a party can represent himself or be represented by an attorney." *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). A party "cannot be represented by a nonlawyer." *Id.; Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Nixon is a non-lawyer without authority to pursue claims on behalf of others.

Furthermore, Nixon has no relation to the decedent. Louisiana's wrongful death statute, Civil Code Article 2315.2, does not provide for recovery by non-relatives, such as "foster siblings."[1]

---

[1] Article 2315.2 provides for recovery by certain parties, in relevant part, as follows:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
>   (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
>   (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
>   (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
>   (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
>
> D. (1) As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
>
>   (2) As used in this Article, the words "child", "brother", and "sister" include a child, brother, or sister given in adoption, respectively.

Finally, the FTCA precludes any tort claim against the United States "unless it is presented in writing to the appropriate Federal agency. . . ." 28 U.S.C. § 2401(b). The tort claim must be mailed or delivered to the regional office in the region where the loss or injury occurred. *See* 28 C.F.R. § 543.31. The exhaustion requirement is a jurisdictional prerequisite to filing suit. *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) (affirming a district court's judgment that "exhaustion [of administrative remedies is] a jurisdictional prerequisite for FTCA claims that cannot be waived"); *Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (The exhaustion "requirement is a prerequisite to suit under the FTCA."); *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the [FTCA], and absent compliance with the statute's requirement the district court was without jurisdiction.").

Nixon's claim was submitted to the wrong office. Nixon was informed that the office overseeing claims involving injuries at USP-Pollock is the South Central Regional Office in Grand Prairie, Texas. *Id.* at 3. But Nixon does not allege that he re-submitted the claim to the South Central Regional Office. The lack of exhaustion also deprives the Court of jurisdiction.

### III. Conclusion

Because Nixon lacks standing to pursue a *Bivens* or FTCA claim, and he failed to exhaust under the FTCA, IT IS RECOMMENDED that the Complaint be dismissed for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, August 4, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE